FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JUL 12 2012

D. MARK JONES, CLERK
BY _____
DEPUTY CLERK

Utah State Prison
P.O. Box 250
Draper, UT. 84020

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH, CENTRAL DIVISION

RECEIVED CLERK
JUL 06 2012
U.S. DISTRICT COURT

FRANK RODRIGUEZ
  Plaintiff

v.

DR. RICHARD GARDEN, medical Director at the Utah State prison;

DR. KENNON TUBBS, medical Doctor at the Utah State prison;

PHYSICIAN ASSISTANT JOSEPH COOMBS PA. at the Utah State Prison.

  Defendants.

CIVIL RIGHT COMPLAINT

28 U.S.C. Sec. 1343(3);

42 U.S.C. § 1983

Case: 2:12cv00670
Assigned To : Benson, Dee
Assign. Date : 7/6/2012
Description: Rodriquez v. Garden et al

## JURISDICTION

1. Frank Rodrigues, is a citizen of Utah, who presently resides at the Utah State prison, P.O. Box 250, Draper, UT. 84020

2. Defendant Dr. Richard Garden, is a citizen of Utah, and is employed as the medical Director and Head Doctor at the Utah state prison for the Utah Department of Correction. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law in that he is the medical Director and Head Doctor for the Utah Department of Correction and is directly responsible for the wrongful action alleged herein.

3. Defendant Dr. Kennon Tubbs, is a citizen of Utah and is employed as a Doctor at the Utah state prison for the Utah Department of Correction. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of state law; and is directly responsible for the wrongful actions alleged herein.

(1)

3. Defendant P.A. Joseph Coombs is a citizen of Utah, and is employed as a Physician assistant at the Uthah state prison for the Department of Correction. At the time the claim(s) alleged in this complaint arose, this defendant was acting under color of law, and is directly responsable for the wronful action alleged herein.

4. Jurisdiction is invoked pursuant to 28 U.S.C. sec. 1343(3); 42 U.S.C. § 1983

## B. NATURE OF CASE

1. Defendant, DR. Richard Garden violated the Plaintiffs Right to Adequate Health care under the Eighth (8) Amendment by Failing to provide treatment for a diagnosed condition; failing to investigate enough to make an informed Judgment; Interfering with access to treatment, that demonstrates Deliberate indifference the Plaintiffs' serious medical needs that Constitute the unnecessary and wanton infliction of pain.

2. Defendant, Physician Assistant Joseph Coombs violated the Plaintiffs Right to Adequate Health care under the Eighth (8) Amendment clause by Failing to provide treatment for a diagnosed condition; Failing to investigate enough to make an informed Judgment; Interfering with access to treatment, that demonstrates Deliberate indifference to the Plaintiffs' serious medical needs, that constitute the unnecessary and wanton infliction of pain

B. NATURE OF CASE cont:

3. Defendant DR. Kennon Tubbs violated the Plaintiffs' Right to Adequate Health Care under the Eighth (8) Amendment Clause by Failing to provide treatment for a diagnosed Condition; Failing to investigate enough to make an informed Judgment; Interfering with access to treatment, that demonstrates Deliberate indifference to the Plaintiffs' serious medical needs that Constitute the unnecessary and wanton infliction of pain.

C. CAUSE OF ACTION

1. Cant I: Defendant DR. Richard Garden is the Director of medical and Head Doctor at the UTAH Department of Correction state prison Draper site. When the Defendant became aware of the Plaintiffs medical Condition, He deliberately and intentionaly denied the Plaintiff medical treatment and medication, which demonstrate Deliberate indifference to the Plaintiff's serious medical needs that caused the unnecessary and wanton infliction of pain, by failing to investigate enough to make an informed Judgment, Interfering with access to treatment and failing to provide treatment for a diagnosed Condition, which violates the adequate Health care clause under the Eighth (8) Amendment

Plaintiff state the following in support:

2. On or about September 23, 1999, Plaintiff Frank Rodriguez was return to the UTAH STATE prison from the California STATE prison and upon the Plaintiffs arrival DR. Garden came into position of the Plaintiffs

(3)

medical records that was transport to the UTAH STATE prison with the Plaintiff. Plaintiff Also signed a records release form for the medical department.

3. The Plaintiff informed DR. Garden and the medical department that he had Knee surgery while he was incarcerated in the California state prison and that he needed another Knee surgery because the first Knee surgery wasn't done correctly HOWEVER the Plaintif was transferred back to the UTAH state prison before the surgery could take place.

4. Plaintiff has written to the Defendent DR. Garden stating that his medical records from california indicates his need for surgery HOWEVER Defendent DR. Garden has denied the Plaintiffs request for surgery stating there is nothing wrong with the Plaintiffs Right Knee.

5. The Defendent has not order a M.R.I on Plaintiffs Right Knee or scheduled the Plaintiff to be seen by a orthropedic specialist to investigate the Plaintiffs Claim that his Right Knee needs surgery as the Doctor from the California state prison has diagnosed in the Plaintiffs medical records. The Defendant also canceled the Plaintiffs Right Knee brace cleurences for the Donjoy Knee brace the Plaintiff came into the UTAH state prison with and the Defendent canceled the Plaintiffs physical therapy for the Plaintiffs Right Knee.

6. The Defendant DR. Garden action demonstrat Deliberate indifference to the plaintiff serious medical needs that Constitute the unnecessary and wanton infliction of pain and has violated the Plaintiffs Right to be free from Cruel and unusual punishment under the Eighth [8] Amendment.

(4)

1. Cant II: Defendant P.A. Joseph Coombs has violated the Plaintiff Frank Rodriguez right to Adequate Health Care under the Eighth[a] Amendment when the Defendant reviewed the Plaintiff's medical records and examined the Plaintiffs Right Knee. The Defendant Demonstrated deliberate indifference to the Plaintiff's serious medical needs that constitutes the unnecessary and wanton infliction of pain by failing to provide treatment to a diagnosed condition; failing to investigate a enaxgh to make an informed Judgment; and Interfering with access to treatment

Plaintiff states the following in support:

2. Defendant P.A. Coombs scheduled the Plaintiff for a P.A./Doctor visit because after reviewing the Plaintiffs medical records it showed that the Plaintiff had Right Knee surgery when he was incarcerated in the California state Prison HOWEVER the surgery was not done properly and the diagnosis by the California state Prison Doctor stated the Plaintiff need another Right Knee surgery.

3. Defendant P.A. Coombs stated there was nothing wrong with the Plaintiff's right Knee and He failed to order a M.R.I or schedule the Plaintiff to be seen by a orthorpedic special to investigate the Plaintiff's claim that he need another surgery as the Doctor from the California state Prison has diagnosed. Defendant failed to provide medical treatment by ordering any phyjical therapy and He canceled the plaintiff's clearences for the Right Knee brace the Plaintiff came to the UTAH prison with.

(5)

The Defendant also failed to treat the Plaintiff's Pain that the Plaintiff's surgically repaired Right Knee was causing.

4. Defendant P.A. Coombs actions are demonstrative of deliberate indifference to the Plaintiff's serious medical needs that constitutes the unnecessary and wanton infliction of pain and violates the Plaintiff's right to be free from Cruel and unusual punishment under the Eighth(8) Amendment.

1. Count III: Defendant Dr. Kennon Tubbs works as a Doctor at the Utah State prison in the medical department. The Defendant acted with deliberate indifference to the Plaintiff's serious medical needs that constitutes the unnecessary and wanton infliction of pain by failing to investigate enough to make an informed Judgment; Interfering with access to treatment; and Failing to provide treatment for a diagnosed condition.

Plaintiff state the following in support:

2. On or about January 8, 2004 Plaintiff had a appointment to see a orthopedic surgeon to determine what type of surgery the Plaintiff was going to need to fix his right Knee However the Defendant Dr. Tubbs informed the Plaintiff that the medical department lost the Plaintiff's paperwork for the Plaintiff's Right Knee surgery, so the Plaintiff was not transported to the orthopedic appointment for his Right Knee.

3. Defendant Tubbs demonstrated deliberate indifference to the Plaintiff's serious medical needs because

the Defendant failed to order a M.R.I or reschedule the Plaintiff to be seen by a orthorpedic special to investigate the claim of the Plaintiffs, that he was in need of another Right Knee opperation, which was diagnosed by the medical Doctor from the California state prison.

4. Defendant Dr. Tubbs failed to provide any medical treatment to the Plaintiff's diagnosed medical condition and the Defendant failed to order Physical therapy for the Plaintiffs Right Knee or treat the Plaintiffs Painful Right Knee Condition, which constitutes deliberate indifference to the Plaintiffs serious medical needs and caused the unnecessary and wanton infliction of pain that violates the Eighth (8) Amendment clause of adequate Health care.

### D. INJURY

1. Plaintiff seeks compensatory damages for the loss of privileges, and quality of life in his prison living condition, and loss of the limited liberty enjoyed by prisoners, resulting from the medical department deliberate and intentionally dening the Plaintiff of medical treatment and medication which caused the unnecessary and wanton infliction of pain which deprived the Plaintiff of the ability to work, attend education and vocational programes, associat with other prisoners in outdoor recreation in a congregated setting with the ability to engage in sports and other recreational activities or even ingage in physical exercise.

(7)

2. Plaintiff in addition seeks compensatory damages for mental and Emotional distress resulting from the Plaintiff's pain and suffering which was caused by the Defendants, arbitrary and irrational treatment due to the fact Defendants violated the Plaintiff's Right to be free from cruel and unusual punishment, which caused the unnecessary and wanton infliction of Pain.

3. Plaintiff seeks Punitive damages against Defendants DR. Richard Garden, DR. Kennon Tubbs and P.A. Joseph Coombs in their individual capacites for their willful and malicious conduct, that involved the "Reckless and callous indifference" thats demonstrative of deliberate indifference to Plaintiff's serious medical needs that constitutes the unnecessary and wanton infliction of pain that violates the Eighth(8) Amendment clause to Adequate Health care.

### E. PREVIOUS LAWSUITS AND ADMINSTRATIVE RELIEF

1. Plaintiff has filed a 65B Petition for Extraordinary Relief in state court dealing with the same facts involved in this Action.

2. Plaintiff has previously sought informal or formal relief from the appropriate administrative officals regarding the acts complained of herein to no avail.

(8)

### F. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Frank Rodriguez prays that the Honorable Courts will grant a trail by Jury in which a Judgment will be found in his Favor and damages in his favor against all Defendants in their individual Capacity in an amount sufficient to compensate him for the physical pain, mental and Emotional anguish suffard by him due to the Deliberate indifference to the serious medical needs and intentional misconduct of all Defendants, but in no event less than $250,000.00 together with attorney fees and Court Cost and such additional relief as the Jury and court may deem Just and Proper.

Respectfully submitted

6-29-2012   Frank Rodriguez
Day and Date    Frank Rodrigues   Plaintiff

### DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the Plaintiff in the above action, that he/she has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621

Executed at Utah State Prison on 6-29 2012
         (location)        (Date)

Frank Rodriguez
Signature

(9)

_____

CERTIFICATE OF MAILING

I do hereby certify that a true and correct copy of the foregoing was mailed, postage pre-paid, to the Attorney General's Office, at 160 East 300 South, Salt Lake City, Utah 84114, on this 29 day of June, 2012.

Frank Rodrigo